IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY L. WISECARVER,

        Plaintiff,                  No. CIV S-05-1957 PAN (JFM)

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.            ORDER

        On November 16, 2006, this court ordered remand of this case under sentence four of 42 U.S.C. § 405(g). On December 21, 2006, following submission to the court of a stipulation from plaintiff and defendant, the court granted a motion to extend by 60 days the time for plaintiff[1] to file for fees under 42 U.S.C. § 406(b). That same day, plaintiff requested reconsideration of this order, seeking clarification on other matters requested in plaintiff's original motion for an extension.

---

[1] The court recognizes that plaintiff did not file this motion. Rather, plaintiff's attorney, Henry Reynolds, made this request. Where necessary for convenience, the court refers to claimant as plaintiff. See Hopkins v. Cohen, 390 U.S. 530, 531 n.2 (1968).

1

1    In addition to the stipulation granted, plaintiff also requested an order of
2 mandamus from the court requiring defendant to notify plaintiff's attorney upon the issuance of
3 any benefits.  Plaintiff argued that because his current counsel did not represent him at the
4 administrative level, defendant would not notify him of an award of benefits.[2]  Consequently,
5 without this knowledge, plaintiff would be unable to meet the filing deadlines required for an
6 award of benefits under 42 U.S.C. § 406(b).[3]
7    Clearly, the order of this court dated December 21, 2006, failed to address each of
8 the requests made by plaintiff.  The result was an order that was unclear in its scope and
9 application.  However, nothing in the record warrants granting any relief beyond the matter
10 which was stipulated between the parties.
11    Plaintiff's motion for a writ of mandamus must be denied.  An action for
12 mandamus is intended to provide relief only when a plaintiff has exhausted all other avenues.
13 Heckler v. Ringer, 466 U.S. 602, 616 (1984).  Three elements must be met before mandamus
14 relief will be granted.  Plaintiff's claim must be clear and certain, the duty must be ministerial
15 and so freely prescribed as to be free from doubt, and no other adequate remedy can be available.
16 Natural Res. Council v. Harrell, 52 F.3d 1499, 1508 (9th Cir. 1995).  Absent a legal entitlement
17 to the relief sought, a claim cannot be clear and certain.  Lowry, 329 F.3d at 1021.
18 /////

19

---

20  [2] Mr. Reynolds began his representation following the rejection of plaintiff's claim by the Appeals Council.  Prior to that, plaintiff was represented at the administrative level by Mr.
21 Terrence Williams.  Mr. Williams filed a Social Security Form 1696-U4 accepting appointment on July 20, 2003, and filed that form with the Commissioner.
22

23  [3] 42 U.S.C. § 406(b) permits the court to award fees upon "a judgment favorable to a claimant . . . not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment" and contains no inherent filing deadlines.  42 U.S.C.
24 406(b).  However, under the Fed. R. Civ. P. 54(d)(2)(B), claims for attorney's fees shall be filed "no later than 14 days after entry of judgment" unless modified by the court.  Given that further
25 administrative actions must take place before any award, if warranted, is made, the 14 day limit is often unworkable.  See Smith v. Bowen, 815 F.2d 1154 (7th Cir. 1987).  In this case, the court
26 has granted a 60 day extension to plaintiff.

1  Plaintiff has no legal entitlement to an order from this court.  Under the Social
2  Security Act (hereinafter "Act") and its accompanying regulations, the Commissioner will notify
3  plaintiff and his representative when a decision is made.  20 C.F.R. § 416.1515(a)(1).  The record
4  does not demonstrate plaintiff's counsel has filed any notice with the Commissioner that he
5  represents the claimant or that the Commissioner has failed to acknowledge the services rendered
6  by plaintiff's counsel before the court.  Indeed, the stipulation that formed the basis for this
7  request for reconsideration was negotiated between plaintiff and the Commissioner's
8  representatives.  Nothing in the record demonstrates that plaintiff's counsel will not be aware of
9  the decision of the Commissioner or the time that filing for fees becomes appropriate.
10  Accordingly, IT IS HEREBY ORDERED that plaintiff's December 6, 2006,
11  request for a writ of mandamus ordering defendant to notify plaintiff's counsel upon the
12  awarding of benefits is denied.  Plaintiff's request in the alternative for an order permitting filing
13  for fees up to 60 days after counsel becomes aware of an award is also denied.
14  DATED: January 4, 2007.

UNITED STATES MAGISTRATE JUDGE

13
Wisecarver.1957.mot.eot.406.ss.wpd

3