IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKY WISECARVER,

    Plaintiff,                    No. CIV S-05-1957 GGH

    vs.

MICHAEL J. ASTRUE,[1]
Commissioner of
Social Security,

ORDER

    Defendant.

_____/

        Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).[2]  Plaintiff seeks attorneys' fees for 2.9 hours of work at $160.91/hour in 2005, and 41.25 hours of work at $167.01/hour in 2006, for a total amount of $7,355.80.  Plaintiff seeks a cost of living adjustment ("COLA") to the statutory cap on attorneys' fees of $125/hour.  Defendant contends fees under the EAJA should

---

[1] Michael J. Astrue became Commissioner on February 12, 2007.  Accordingly, he should be substituted as defendant in this suit.  Fed. R. Civ. P. 25(d)(1).  No further action need be taken by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff prematurely filed the motion on December 13, 2006, and the court held it in abeyance pending final judgment.  By order dated January 26, 2007, after final judgment was entered, the court deemed plaintiff's motion filed on January 20, 2007.

1

not be awarded because the government's position was substantially justified.  In the event fees are awarded, defendant contends that the amount of hours claimed is unreasonable.

    A.  Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action.  An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits.  Shalala v. Schaefer, 509 U.S. 292 (1993).  In this case, the matter was remanded under sentence four pursuant to the order of the court on cross-motions for summary judgment.  See Order filed November 20, 2006.  Plaintiff thus is entitled to an award of fees under the EAJA.  The court must allow the fee award unless it finds that the position of the United States was substantially justified.  Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as

> 'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person.  That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on

other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).  "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995)).

Defendant contends the government's position was substantially justified.  In support of this contention, defendant argues that although the case was remanded for multiple errors, the previously assigned magistrate concluded that the ALJ did *not* err in discrediting plaintiff's subjective complaints, rejecting the treating physician's opinion, and not expressly acknowledging that plaintiff suffered side effects from his medication.  Although defendant is correct that the government can lose on the merits and its position still be substantially justified for purposes of EAJA, defendant's argument in this instance is unavailing.  In reviewing the transcript, briefing on the cross-motions for summary judgment and order granting remand in this case, the court has determined defendant's position had no reasonable basis in either law or fact.  The ALJ completely ignored lay testimony regarding plaintiff's impairments, improperly excluded plaintiff's non-exertional limitations in determining his residual functional capacity, and improperly and prematurely applied the Grids to conclude that plaintiff was not disabled.  See, e.g., Sampson, 103 F.3d at 922 (position not justified where ALJ mischaracterized medical evidence and failed to take adequate account of testimony).  The government's position thus was not substantially justified and fees under the EAJA will therefore be awarded.

B.  Reasonable Fee

The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart, 461 U.S. 424 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).  Taking a reasonable rate

and multiplying it by a reasonable amount of expended hours is not the only task left to the district court under the EAJA. Atkins, 154 F.3d at 989. The court must also consider the results obtained. Id.

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for inflation. See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463- 64 (9th Cir. 1988) (adding inflationary adjustment to statutory maximum). The COLA adjustment to the statutory cap is computed by multiplying the cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Russell v. Sullivan, 930 F.2d 1443 (9th Cir. 1991). The national, rather than local change in cost of living, should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993). The Commissioner does not object to the hourly rate requested by plaintiff. Therefore, plaintiff's hourly rate of $160.91/hour for work done in 2005, and $167.01/hour for work performed in 2006, will be utilized in the calculation.

Counsel requests a total fee in the amount of $7,355.80. Counsel has submitted declarations documenting 41.25 hours of attorney time at $167.01/hour, and 2.9 hours of attorney time at $160.91 per hour, pursuant to 28 U.S.C. § 2412(d)(1).

Defendant contends that plaintiff should not be compensated for time spent on arguments rejected by the court, and that plaintiff's attorney, as a seasoned Social Security litigator, spent twenty hours too many on this case.

Plaintiff argued five bases for remand, three of which were found persuasive. Although plaintiff's arguments with respect to plaintiff's subjective complaints and treating physicians' opinions were found untenable, the court does not find unreasonable the time spent advancing those arguments. The arguments were not summarily rejected and warranted lengthy consideration by the court. To the extent counsel was attempting to preserve all possible bases

4

for remand, advancing those arguments was not unreasonable, even if they were ultimately unavailing.

With respect to the amount of time claimed by counsel, the court also notes that counsel did not represent plaintiff at the administrative level and had to become familiar with the case, which included a lengthy administrative transcript. The court has carefully reviewed the hours claimed by counsel and finds no reason to believe they are inflated. See Paterson v. Apfel, 99 F. Supp. 2d 1212 n. 2 (C.D. Cal. 2000) (finding 33.75 hours plus 3.5 "fee" hours to be reasonable EAJA award; collecting cases); Mendoza v. Bowen, 701 F. Supp. 1471 (N.D. Cal. 1988) (finding fifty hours reasonable despite lack of novel issues); Walton v. Massanari, 177 F. Supp.2d 359, 364-65 (E.D. Pa. 2001) (permitting fees for 53.6 hours spent on a 27 page brief). In this case, the motion itself was twenty-eight pages long, and considering the results obtained, the court finds plaintiff's claimed hours to be reasonable.

CONCLUSION

In sum, IT IS ORDERED that plaintiff's December 13, 2006, petition for EAJA fees is granted. Plaintiff is awarded attorneys' fees pursuant to the EAJA in the amount of $7,355.80.

DATED: 8/13/07                           /s/ Gregory G. Hollows
                                         U.S. Magistrate Judge

GGH:mb
Wisecarver.1957.ss.fee.wpd